IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OLIVER S. MISSBACH,<br><br>                      Plaintiff,<br><br>v.<br><br>DR. HOLMES, et al.,<br><br>                      Defendants. | **ORDER AND MEMORANDUM DECISION TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:23-cv-722-TC<br><br>Judge Tena Campbell |

Plaintiff Oliver S. Missbach, who is a self-represented inmate, brings this civil rights action under 42 U.S.C. § 1983.[1] The court has screened Mr. Missbach's Amended Complaint (ECF No. 7) under its statutory review function. See 28 U.S.C. § 1915A.[2] The court now orders

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** … , subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Mr. Missbach to file a Second Amended Complaint to cure the Amended Complaint's deficiencies before further pursuing his claims.

## AMENDED COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning specific issues. The Amended Complaint:

(a) improperly names Utah State Hospital Department of Health and Human Services (USH) as a § 1983 defendant, when USH is not an independent legal entity that can sue or be sued.

(b) improperly alleges civil rights violations on a respondeat superior theory.

(c) does not adequately link each element of claims of improper medical treatment to the specific named defendant.

(d) does not acknowledge the applicability of Eleventh Amendment immunity in naming USH as a defendant.

(e) appears to contain claims based on current confinement; but it also appears that the Amended Complaint was not submitted using legal help to which Plaintiff is constitutionally entitled by his institution. See Lewis v. Casey, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'adequate law libraries or adequate assistance from persons trained in the law' … to ensure that inmates … have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement" (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977))).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

2

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

### A. General Considerations

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear

exactly <u>who</u> is alleged to have done <u>what</u> to <u>whom</u>.'" <u>Stone v. Albert</u>, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately.  Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.  <u>Robbins</u>, 519 F.3d at 1248 ("The [<u>Bell Atlantic Corp. v.</u>] <u>Twombly</u> Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007).  Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.' <u>Id.</u>").

(v) Plaintiff may not name an individual as a defendant based solely on that individual's supervisory position.  See <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

(vi) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  But Plaintiff need not include grievance details in his complaint.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants.  <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).

4

### B. Respondeat Superior

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See id. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### C. Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate … medical care." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?"  And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?"  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious … if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock, 218 F.3d at 1209 (cleaned up).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." Sparks v. Singh, 690 F. App'x 598, 604 (10th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 105–06 (1976)).  Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999); see also Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

D. Eleventh Amendment immunity

Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities.  See Tarrant Reg'l Water Dist. v. Sevenoaks, 545 F.3d 906, 911 (10th Cir. 2008); Couser v. Gay, 959 F.3d 1018,

1022 (10th Cir. 2020); see also Buck v. Utah Labor Comm'n, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983). But an exception provides "that 'a plaintiff may bring suit against <u>individual state officers</u> acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'" Norton v. Parsons, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (quoting Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012)).

## ORDER

It is HEREBY ORDERED as follows:

1. Within **thirty days**, Plaintiff must within cure the complaint's deficiencies noted above by filing a document titled "Amended Complaint" that does not refer to or include any other document.

2. The Clerk of Court shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil rights complaint, which Plaintiff must use if he wishes to pursue his potential claims further.

3. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

4. The Amended Complaint shall not include any claims (a) occurring past the date of the Complaint, filed January 24, 2022; and (b) outside the allegations of transactions and events contained in the Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

5. Plaintiff shall not try to serve an amended complaint on any defendants; instead, the court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases.").

6. Plaintiff must tell the court of any address change and comply in a timely manner with court orders. See D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

7. Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

8. No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

9. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the

Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

DATED this 10th day of May, 2024.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
United States District Judge